UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Z.M.<br>c/o Law Offices of Jared S. Zafran<br>1500 Walnut Street<br>Philadelphia, PA 19102<br><br>Plaintiff<br><br>vs.<br><br>ARCHDIOCESE OF NEW YORK<br>1011 1st Avenue<br>New York, NY 10022<br><br>Defendant | Case No.: 2:22-cv-02310-MMB |

**MEMORANDUM OF LAW IN SUPPORT OF ARCHDIOCESE OF NEW YORK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)**

CALLAHAN & FUSCO, LLC
Attorneys for Defendant
ARCHDIOCESE OF NEW YORK
100 N 18th St Suite 300
Philadelphia, PA 1910

On the Brief:
Christopher Del Bove, Esq.
Christopher Fusco, Esq.

1

## PRELIMINARY STATEMENT

Defendant the Archdiocese of New York ("Archdiocese") moves to dismiss Plaintiff's action against the Archdiocese because the Eastern District of Pennsylvania lacks personal jurisdiction over the Archdiocese. Plaintiff does not plead and cannot show any basis for the Eastern District of Pennsylvania to exercise personal jurisdiction over the Archdiocese. The Archdiocese is domiciled in New York and has no contact with, or connection to Pennsylvania. Plaintiff's allegations fail to establish any connection between the Archdiocese and the alleged abuse of Plaintiff by James Garisto ("Garisto") that purportedly occurred in Philadelphia and Harrisburg, Pennsylvania in Garisto's private homes. As such, Plaintiff's Complaint must be dismissed with prejudice as to the Archdiocese as a matter of law.

## LEGAL STANDARD

When a plaintiff asserts specific personal jurisdiction over a defendant, constitutional due process requires that the defendant have "minimum contacts necessary for the defendant to have 'reasonably anticipated being haled into court there.'" *Pennzoil Prods. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 201 (3d Cir. 1998) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). These minimum contacts must involve "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). When the defense of lack of personal jurisdiction is raised, the plaintiff must prove, by a preponderance of the evidence, that jurisdiction is proper. *Imo Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 257 (3d. Cir. 1998).

**STATEMENT OF FACTS**

Plaintiff filed this lawsuit against the Archdiocese alleging that he was abused by James Garisto ("Garisto"). *See,* Certification of Christopher Del Bove, ("Del Bove Cert."), ¶3, Exhibit A. Plaintiff asserts various tort causes of action against the Archdiocese associated with this alleged abuse. *Id.* Plaintiff's allegations against the Archdiocese rest solely on the supposition that the Archdiocese should have known about Garisto's purported misconduct while he was supposedly employed by the Archdiocese. Plaintiff admits that the alleged abuse took place at on personal trips to private properties owned by Garisto in Pennsylvania. The trips were not related to the Archdiocese and the properties at which the abuse purportedly occurred were not owned by the Archdiocese. At no time relevant to the Complaint did the Archdiocese assign Garisto to a parish, school, or charity in Pennsylvania. *See,* Affidavit of Roderick Cassidy ("Cassidy Aff.") at ¶9. The territorial boundaries of the Archdiocese do not include any portion of the Commonwealth of Pennsylvania. Cassidy Aff. at ¶4. The Archdiocese also does not and did not own any property in Pennsylvania. Cassidy Aff. at ¶7. Notably, Garisto is not named as a defendant in Plaintiff's Complaint.

**LEGAL ARGUMENT**

I. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE THE ARCHDIOCESE HAS NOT DIRECTED ANY ACTIVITY TOWARDS PENNSYLVANIA**

The Third Circuit applies a three-part test to determine whether specific jurisdiction over a non-resident defendant exists: "[f]irst, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *Petrucelli v. Rusin*, 642 F.

App'x 108, 110 (3d Cir. 2016) (quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007)).

### A. Pennsylvania does not have specific personal jurisdiction over the Archdiocese.

To assert a claim of specific jurisdiction over a defendant, a plaintiff has the burden of showing that each of its causes of action arises out of the defendant's forum-related activities, "such that the defendant 'should reasonably anticipate being haled into court'" in that forum. *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.,* 75 F.3d 147, 151 (3d Cir. 1996).

The allegations at issue in Plaintiff's Complaint as to the Archdiocese are remarkably similar to those at issue in *Doe v. Archdiocese of Phila.*, 2020 U.S. Dist. LEXIS 108504 (D.N.J. Jun. 22, 2020). In *Doe,* Plaintiff alleged he was sexually abused by priest when he served as an altar boy at a parish located within the ecclesiastical jurisdiction of the Archdiocese of Philadelphia. *Id.* at *3. The abuse allegedly took place in the offices of the parish as well as at a private home in Forked River, New Jersey. *Id.* Plaintiff filed a Complaint in the United States District Court for the District of New Jersey asserting that the Archdiocese "knew, and/or had reason to know" of the priest's abuse of Plaintiff. *Id.* at *4. Plaintiff argued that the District Court of New Jersey had jurisdiction over the Archdiocese of Philadelphia because it purportedly transferred priests to New Jersey that it knew had the potential to abuse minors. *Id.* at *9-*10.

The District Court for the District of New Jersey disagreed with the plaintiff's assertion that it had jurisdiction over the Archdiocese of Philadelphia. *Id.* at *10. The Court found that the Archdiocese of Philadelphia's supervisory duties did not intentionally target New Jersey. *Id.* The Court noted that "the schools and parishes under the control of Defendant are located in Pennsylvania…the church attended by Plaintiff and his family, and where [the priest] was

4

assigned during the relevant period, is located in Bucks County, Pennsylvania." *Id.* The Court further found that no employment and assignment decisions "made by the Archdiocese took place in New Jersey." *Id.* Lastly, the Court noted that the Archdiocese of Philadelphia did not direct the priest to conduct church-related activities in New Jersey. *Id.*

As for the second prong of the test, the Court found that the transfer of the priest between Pennsylvania and New Jersey did not result in the alleged abuse. *Id.* at 12. The Court also found that the properties that the Archdiocese of Philadelphia owned in New Jersey were not connected to the claims plaintiff raised and therefore could not subject the Archdiocese of Philadelphia to personal jurisdiction in the District Court of New Jersey. *Id.*

Here the Archdiocese has not directed any activity towards Pennsylvania. At the times relevant to the Complaint, the Archdiocese did not own or lease any property in Pennsylvania and did not have any employees or agents in Pennsylvania. Cassidy Aff. at ¶6. Moreover, the Archdiocese did not assign Garisto to any parish, school, or charity in Pennsylvania. Cassidy Aff. at ¶9. Rather, Plaintiff concedes that the alleged abuse took place in private homes owned by Garisto. *See*, Plaintiff's Compl. at ¶2. The Archdiocese did not direct Garisto to travel to Pennsylvania and he was not acting as an employee or agent of the Archdiocese when the abuse allegedly took place in Pennsylvania. Cassidy Aff. at ¶9. Furthermore, there are no allegations that the Archdiocese's actions resulted in Plaintiff being abused. Simply put, the Archdiocese has not taken any actions to invoke the benefits or protection of Pennsylvania's laws. Therefore, the Archdiocese cannot be subject to suit in the Eastern District of Pennsylvania.

**B.     Pennsylvania Cannot Exercise Jurisdiction Over the Diocese Based on Pennsylvania's Long Arm Statute.**

Under Pennsylvania's long-arm statute, 42 Pa. Cons. Statute Ann. § 5322(b), Pennsylvania courts may "exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment." *Pennzoil Prods. Co. v. Colelli & Assocs.,* 149 F.3d 197, 200 (3d Cir. 1998). (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992)). Pennsylvania's Long-Arm statute is co-extensive with the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 690 (3rd Cir. 1990). As set forth above to establish specific jurisdiction a plaintiff must show that the defendant has minimum contacts with the state "such that [the defendant] should reasonably anticipate being haled into court there." *Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539, 541 (3d Cir. 1985). As set forth in the accompanying affidavit of Roderick Cassidy, the Archdiocese does not have sufficient minimum contacts with Pennsylvania such that it could be subject to suit in Pennsylvania's courts. The territorial boundaries of the Archdiocese do not include any portion of the Commonwealth of Pennsylvania. Cassidy Aff. at ¶4. The Archdiocese did not provide any formal religious ministry or conduct any business in the Commonwealth of Pennsylvania. Cassidy Aff. at ¶4. Moreover, the Archdiocese never assigned Garisto to a parish, school, or charity in Pennsylvania. Cassidy Aff. at ¶9. There are no facts pled in the Complaint asserting that the Archdiocese has sufficient contacts with Pennsylvania to establish personal jurisdiction over it because no such facts exist.

## **CONCLUSION**

For the reasons stated herein, the Archdiocese respectfully requests that this Honorable Court grant its Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and dismiss Plaintiff's Complaint against the Archdiocese in its entirety and with prejudice.

Dated: July 13, 2022

                                      **CALLAHAN & FUSCO, LLC**
                                      Attorneys for Defendant,
                                      The ARCHDIOCESE OF NEW YORK

*/s/ Christopher Del Bove*
CHRISTOPHER DEL BOVE, ESQ.

*/s/ Christopher Fusco*
CHRISTOPHER FUSCO, ESQ.